UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARCOS RIVERA,<br><br>Plaintiff,<br><br>v.<br><br>SAUL CHEVROLET, INC., et al.,<br><br>Defendants. | Case No. 16-CV-05966-LHK<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION**<br><br>Re: Dkt. No. 68 |

Plaintiff Marcos Rivera ("Plaintiff"), on behalf of himself, the public, and all others similarly situated, brings this action against Saul Chevrolet, Inc.; Cardinale Automotive Group of Tahoe, Inc.; Cardinale Automotive Group; Volkswagen Hyundai; Cardinale Oldsmobile GMC Truck, Inc.; Cardinale AG Motorbike, Inc.; Cardinale Nissan, Inc.; Cardinale Protective Services, Inc.; Cardinaleway Nevada AG Inc.; Cardinaleway Acura; Cardinale Automotive Group-Arizona, Inc.; Cardinaleway Mazda AT Peoria; and Cardinaleway Mazda AT Superstition Springs (collectively, "Defendants"). Before the Court is Defendants' Motion to Compel Arbitration on an Individual Basis and Stay the Proceedings Pending Arbitration. ECF No. 68 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral

1

argument and vacates the hearing scheduled for May 11, 2017. Having considered the parties' briefing, the relevant law, and the record in this case, the Court DENIES Defendants' Motion to Compel Arbitration on an Individual Basis and Stay Proceedings Pending Arbitration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is a former employee of Defendants who worked at "Defendants' Corona, California [automobile] dealership as a non-exempt parts and service counter salesperson." ECF No. 1 ("Compl.") ¶ 10. Defendants own multiple car dealerships and "were, at all times relevant hereto, the alter egos of each other." *Id.* ¶ 29.

Plaintiff began working for Defendants on March 4, 2015. ECF No. 74-1, Declaration of Marcos Rivera ("Rivera Decl.") ¶ 3. On his first day working for Defendants, Plaintiff asserts that he received "(1) an Employee Handbook; (2) a Driving Policy; (3) a Sensitive Information Policy and Program; (4) an explanation of COBRA coverage; (5) a Use of Confidential Information by Employee agreement; (6) a Customer Privacy Policies agreement; (7) a Notice to Employees – Proposition 65; (8) a Welcome to Cardinale Automotive Group sheet; and (9) a Time of Hire Pamphlet regarding workers compensation benefits." *Id.* Plaintiff's personnel file also contains an At Will Employment Agreement and Binding Arbitration Agreement ("Arbitration Agreement"). ECF No. 68-2, Declaration of Deena Clay ("Clay Decl.") ¶ 4 & Ex. A. Although Plaintiff asserts that he does not "specifically recall" the Arbitration Agreement or signing it, Rivera Decl. ¶ 4, the Arbitration Agreement lists Plaintiff as a signatory, contains an "M Rivera" signature in cursive, and is dated March 4, 2015, ECF No. 68-2. Defendants' Controller, Deena Clay, states in a declaration that the signature on the Arbitration Agreement matches the other signatures in Plaintiff's personnel file. *Id.* ¶ 4–5.

Plaintiff was paid $3,000 per month while working for Defendant and was promised commissions based on sales. Compl. ¶ 31. Plaintiff alleges, however, that the "commission structure was a mirage." *Id.* Plaintiff asserts that, as a result, Plaintiff "was entitled to payment for each of his hours worked, including substantial overtime worked (at one and one-half times his

2

'regular rate of pay,' based on his salary)." *Id.* Plaintiff alleges that Defendants required Plaintiff and other employees to work "off the clock," which resulted in unpaid wages and overtime. *Id.* ¶ 32.

Additionally, Plaintiff alleges that Defendants (1) failed to provide "due meal and rest breaks, or compensation in lieu thereof, [as required] under California law," (2) failed to provide employees' wage statements that "accurately state[d] the number of hours worked by (non-exempt) [] employees" or that "state[d] the hourly rate in effect during the pay period," and (3) failed to promptly pay these unpaid wages when Plaintiff and other employees "resigned or were discharged from Defendants' employment." *Id.*

On October 14, 2016, Plaintiff filed the instant class action and Fair Labor Standards Act ("FLSA") collective action suit against Defendants. *See* Compl. Plaintiff alleges nine causes of action: (1) Failure to Pay Overtime Compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) Failure to Pay Compensation for All Hours Worked and Minimum Wage Violations in violation of California Labor Code §§ 216, 1194, 1194.2, 1197; (3) Failure to Pay Overtime Compensation in violation of California Labor Code §§ 1194; (4) Failure to Pay Meal and Rest Period Compensation in violation of California Labor Code §§ 226.7, 512; (5) Waiting Time Penalties under California Labor Code § 203; (6) Failure to Pay All Wages by the Appropriate Pay Period in violation of California Labor Code § 204; (7) Failure to Provide Accurate Itemized Statements in violation of California Labor Code § 226; (8) Private Attorney General Act, Cal Labor Code § 2699; and (9) Unfair Business Practices in violation of California Business and Professions Code § 17200, *et seq. See* Compl. ¶¶ 44–92.

On February 18, 2017, Defendants filed the instant Motion to Compel Arbitration on an Individual Basis and Stay the Proceedings Pending Arbitration. *See* Mot. Defendants' motion seeks to compel arbitration as to causes of action 1, 2, 3, 4, 5, 6, 7 and 9, and seeks a stay of proceedings for cause of action 8. *Id.* at 2. On March 6, 2017, Plaintiff filed an opposition, ECF No. 74 ("Opp'n"), and on March 13, 2017, Defendants filed a reply, ECF No. 77 ("Reply").

3

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2. Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) (quoting 9 U.S.C. § 3). If all claims in litigation are subject to a valid arbitration agreement, the court may dismiss or stay the case. *See Hopkins & Carley, ALC v. Thomson Elite*, 2011 WL 1327359, at *7–8 (N.D. Cal. Apr. 6, 2011).

The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In deciding whether a dispute is arbitrable, a court must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking arbitration establishes these two factors, the court must compel arbitration. *Id.*; 9 U.S.C. § 4. "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). In cases where the parties "clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator," the court's inquiry is "limited ... [to] whether the assertion of arbitrability is 'wholly groundless.'" *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law). Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

The FAA creates a body of federal substantive law of arbitrability that requires a healthy regard for the federal policy favoring arbitration and preempts state law to the contrary. *Volt Info.*

4

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

*Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–79 (1989) ("[T]he FAA must be resolved with a healthy regard for the federal policy favoring arbitration."). However, "state law is not entirely displaced from federal arbitration analysis." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936–37 (9th Cir. 2001). When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts generally should apply ordinary state-law principles governing contract formation in deciding whether [an arbitration] agreement exists."). Parties may also contract to arbitrate according to state rules, so long as those rules do not offend the federal policy favoring arbitration. *Volt*, 489 U.S. at 476, 478–79 (looking to whether state rules "offend[ed] the rule of liberal construction" in favor of arbitration). Thus, in determining whether parties have agreed to arbitrate a dispute, the court applies "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)). "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985). If a contract contains an arbitration agreement, there is a "presumption of arbitrability," *AT & T*, 475 U.S. at 650, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

## III. DISCUSSION

Defendants move to compel arbitration on an individual basis as to causes of action 1, 2, 3, 4, 5, 6, 7 and 9, and seek a stay of the instant suit pending arbitration as to cause of action 8. The Court first addresses Defendants' motion to compel arbitration and then considers Defendants' request for a stay pending arbitration.

### A. Motion to Compel Arbitration

Defendants argue that the Arbitration Agreement signed by Plaintiff requires that causes of action 1, 2, 3, 4, 5, 6, 7 and 9 in the instant case be addressed through arbitration on an individual basis. In response, Plaintiffs argue that arbitration cannot be compelled in this case because (1) the Arbitration Agreement is not a valid contract, (2) the Arbitration Agreement is unenforceable because it interferes with Plaintiff's right to engage in concerted protected activity under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq.*, and (3) the Arbitration Agreement is unenforceable because it is both procedurally and substantively unconscionable. Opp'n at 17. The Court finds below that the Arbitration Agreement is unenforceable because it interferes with Plaintiff's right to engage in concerted protected activity under the NLRA, and therefore the Court need not address Plaintiff's other arguments.

Section 7 of the National Labor Relations Act, 29 U.S.C. 151 *et seq.*, provides employees the right "to engage in . . . concerted activities for the purpose of . . . mutual aid or protection." *D.R. Horton*, 357 NLRB No. 184 (2012), which includes the right to "seek to improve working conditions through resort to administrative and judicial forums," *Eastex, Inc. v. NLRB*, 437 U.S. 556, 566 (1978). In *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), the Ninth Circuit held that the right to engage in concerted activity "is the essential, substantive right established by the NLRA." *Id.* at 980. As a result, the *Morris* court held that an arbitration agreement that requires an employee to "pursue work-related claims individually and, no matter the outcome, [to be] bound by the result . . . is the 'very antithesis' of § 7's substantive right to pursue concerted work-related legal claims." *Id.* at 983–85 (citing *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147, 1155 (7th Cir. 2016)). The *Morris* court specifically addressed a "concerted action waiver"—a waiver of the right to bring concerted legal claims, i.e., collective or class action claims, in any forum—in an arbitration agreement and held that such concerted action waivers are unenforceable because they violate the right to engage in concerted activity under the NLRA. *Id.* The *Morris* court held that a provision in an arbitration agreement is an unenforceable concerted action waiver where the terms

6

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

of the provision "prevent[] concerted activity by employees in arbitration proceedings"; "require that employees only use arbitration"; and "prevent[] the initiation of concerted legal action anywhere else." *Id.*; *see also Coppernoll v. Hamcor, Inc.*, 2017 WL 446315, at *1 (N.D. Cal. Jan. 17, 2017) ("Because all legal claims had to be arbitrated and arbitration could only be conducted individually, this was an unenforceable concerted action waiver.").

The Arbitration Agreement in the instant case contains the following language:

> I and the Company both agree that any claim, dispute, and/or controversy that either party may have against one another . . . arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise, . . . shall be submitted to and determined exclusively by binding arbitration.
> . . . .
> In order to provide for the efficient and timely adjudication of claims, the arbitrator is prohibited from consolidating the claims of others into one proceeding. This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action or to award relief to a group of employees in one proceeding. Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective or joint action lawsuit or arbitration[.]

Clay Decl. Ex. A (Arbitration Agreement).

The Arbitration Agreement here contains an unenforceable concerted action waiver within the meaning of *Morris*. The terms of the Arbitration Agreement make arbitration the exclusive forum for resolving disputes, and then eliminates the right to proceed in arbitration as "a class or collective action or to award relief to a group of employees in one proceeding." *Id.* Thus, just as the provision at issue in *Morris*, the terms of the Arbitration Agreement prevent concerted action in arbitration, require Plaintiff to bring work-related legal claims exclusively in arbitration, and preclude Plaintiff's "initiation of [a] concerted legal action anywhere else." *Morris*, 834 F.3d at 983–84. Accordingly, just as the provision in *Morris*, the Arbitration Agreement here contains an unenforceable concerted action waiver.[1]

---

[1] *Morris* recognized that an arbitration agreement that precludes the ability to bring "concerted legal actions" may still be enforceable where an employer provides a "meaningful opportunity" to opt out of the arbitration agreement or its concerted action waiver. *Morris*, 834 F.3d at 982 n.4

7
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

Defendants concede that the language in the Arbitration Agreement in the instant suit is an "express class action waiver" and that *Morris* renders the Arbitration Agreement unenforceable. *See* Reply at 2 ("Plaintiff contends that the class action waiver violates the NLRA and is therefore unenforceable. . . . Defendants understand that the Ninth Circuit reached that conclusion in *Morris*."). Defendants assert that they only brought the instant motion to compel arbitration because the United States Supreme Court granted certiorari in *Morris* on January 13, 2017. *See Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017) ("Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit granted."). The question before the United States Supreme Court is "[w]hether an agreement that requires an employer and an employee to resolve employment-related disputes through individual arbitration, and waive class and collective proceedings, is enforceable under the Federal Arbitration Act, notwithstanding the provisions of the National Labor Relations Act." *See Ernst & Young, LLP v. Morris*, U.S. Sup. Ct. Case No. 16-300.[2] Thus, Defendants brought the instant motion "to preserve their respective rights pending the [United States] Supreme Court's decision." Reply at 2–3. However, the Court is bound by the Ninth Circuit's *Morris* decision unless it is overturned by higher authority—an en banc panel of the Ninth Circuit or the United States Supreme Court. *Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000) ("[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority."). Accordingly, the mere pendency of

---

(citing *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1076 (9th Cir. 2014)); *see also Echevarria v. Aerotek, Inc.*, 2017 WL 24877, at *2 (N.D. Cal. Jan. 3, 2017) ("[A]n employer does not provide employees a meaningful opportunity to opt out of an arbitration agreement when it fails to provide any opt-out procedures and does not otherwise explain to employees that they may opt out." (quoting *Gonzalez v. Ceva Logistics U.S., Inc.*, 2016 WL 6427866 (N.D. Cal. Oct. 31, 2016)). Neither party has presented any evidence here that Plaintiff was provided an opportunity to opt out of the Arbitration Agreement or its concerted action waiver. Nor does the Arbitration Agreement itself contain a procedure for opting out. Accordingly, this exception to the unenforceability of concerted action waivers does not apply to the instant case.

[2] The United States Supreme Court granted certiorari in two other cases to address the same question at issue in *Morris*, namely, *Epic Systems Corp. v. Lewis*, U.S. Sup. Ct. Case No. 16-285, and *NLRB v. Murphy Oil USA, Inc.*, U.S. Sup. Ct. Case No. 16-307.

the concerted action waiver issue before the United States Supreme Court provides no basis to grant Defendants' motion to compel arbitration.[3]

Accordingly, the Court DENIES Defendants' Motion to Compel Arbitration on an Individual Basis. The denial is without prejudice because Defendants may bring another such motion should the United States Supreme Court overturn the Ninth Circuit's decision in *Morris*. Relators shall not file such a motion unless and until *Morris* is overturned.

**B. Motion to Stay**

In addition to the above-denied motion to compel arbitration, Defendants move to stay cause of action 8, the Private Attorney General Act cause of action, pending arbitration. However, because the Court denied Defendants' motion to compel arbitration, there is no pending arbitration that justifies a stay. Accordingly, the request for a stay pending arbitration must be DENIED.

However, in Defendants' reply in support of the instant motion, Defendants request "that the Court continue the hearing on Defendants' motion to compel until the Supreme Court reviews the *Morris* decision, and stay the underlying action in the interim." Reply at 3. Defendants' request to continue the hearing on Defendants' motion to compel is DENIED as moot because the Court has vacated the hearing pursuant to Civil Local Rule 7-1(b). Moreover, the Court would not move a hearing on a pending motion to an unknown date in the future, especially when clear circuit precedent requires the motion to compel arbitration to be denied.

---

[3] Defendants do not argue that the Arbitration Agreement could still be enforced through severance of the concerted action waiver. Thus, the Court need not address such an argument. However, even if such an argument had been raised, courts in this district have consistently held that concerted action waivers in arbitration agreements that are found unenforceable under *Morris* cannot be severed from the Arbitration Agreement because the presence of the concerted action waiver shows a lack of consent to compelled arbitration of concerted legal claims such as collective or class causes of action. *See Whitworth v. Solarcity Corp.*, 2016 WL 6778662, at *4 (N.D. Cal. Nov. 16, 2016) (finding entire arbitration agreement unenforceable where concerted action waiver was unenforceable); *Gonzalez v. Ceva Logistics U.S., Inc.*, 2016 WL 6427866, at *7 (N.D. Cal. Oct. 31, 2016) ("Although I have concluded that this provision [waiving the ability to bring concerted legal claims in arbitration] is unenforceable under *Morris*, this language unambiguously precludes a finding that the parties intended to agree to authorize arbitration of class claims."); *Coppernoll v. Hamcor, Inc.*, 2017 WL 446315 at *1 (denying motion to compel arbitration without requiring severance). Thus, severance would not rescue Defendants' motion to compel arbitration.

9
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

With respect to the request for a stay, the Ninth Circuit has held that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong*, 208 F.3d at 1119 n.2. Thus, this Court has previously denied requests for stays pending United States Supreme Court review of an issue. *See United States v. Cortez–Ruiz*, 2016 WL 7034057, at \*10 (N.D. Cal. Dec. 2, 2016) (denying request for stay pending United States Supreme Court's review of *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), after petition for certiorari had been granted); *Facebook, Inc. v. Power Ventures, Inc.*, 2017 WL 1650608, at \*18 (N.D. Cal. May 2, 2017) (denying request for stay of remedies issue pending a petition for certiorari of Ninth Circuit's merit decision that had not been granted by the United States Supreme Court); *see also Alvarado v. United States*, 2016 WL 6302517, at \*5 (C.D. Cal. Oct. 14, 2016) *(*denying a stay because "until the Supreme Court rules on these issues, the Court must follow the Ninth Circuit's precedent").

Moreover, even if the Court had power to grant a stay, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, Defendants request a stay in passing in their reply brief and do not make "a clear case of hardship or inequity in being required to go forward." *Id.* First of all, the Court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)). Furthermore, a stay in this case pending a United States Supreme Court decision would harm Plaintiff by delaying discovery and the resolution of the disputes at issue in this case. *See Coppernoll*, 2017 WL 446315 at \*2 ("[I]t will be many months before a decision is handed down and the law in our circuit remains clear unless the Supreme Court overturns it."). Finally, much of the discovery at issue in this case "will aid both this action and any eventual arbitration."

10

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO COMPEL ARBITRATION ON AN INDIVIDUAL BASIS AND STAY THE PROCEEDINGS PENDING ARBITRATION

*Id.*; *Daugherty v. SolarCity Corp.*, 2017 WL 386253, at *4 (N.D. Cal. Jan. 26, 2017) ("A decision in *Morris* remains many months, perhaps even more than a year away. Given the extent of that possible delay, a stay is not warranted, particularly because much of the discovery in this action would be useful both here and in any eventual arbitration.").

Accordingly, the Court DENIES Defendants' request for a stay pending United States Supreme Court review of *Morris*.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Compel Arbitration on an Individual Basis and to Stay the Proceedings Pending Arbitration.

**IT IS SO ORDERED.**

Dated: May 9, 2017

_____
LUCY H. KOH
United States District Judge