UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARCOS RIVERA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAUL CHEVROLET, INC., et al.,<br><br>    Defendants. | Case No. 16-CV-05966-LHK<br><br>**ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION**<br><br>Re: Dkt. No. 105 |

Plaintiff Marcos Rivera ("Plaintiff"), on behalf of himself, the public, and all others similarly situated, brings this action against Saul Chevrolet, Inc.; Cardinale Automotive Group of Tahoe, Inc.; Cardinale Automotive Group; Volkswagen Hyundai; Cardinale Oldsmobile GMC Truck, Inc.; Cardinale AG Motorbike, Inc.; Cardinale Nissan, Inc.; Cardinale Protective Services, Inc.; Cardinaleway Nevada AG Inc.; Cardinaleway Acura; Cardinale Automotive Group-Arizona, Inc.; Cardinaleway Mazda AT Peoria; and Cardinaleway Mazda AT Superstition Springs (collectively, "Defendants"). Before the Court is Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class. ECF No. 105 ("Mot."). Having considered the parties' briefing, the relevant law, and the record in this case, the Court DENIES Plaintiff's Motion to Conditionally Certify FLSA Collective Action.

1
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

**I. BACKGROUND**

**A. Factual Background**

Plaintiff alleges that he is a former employee of Defendants who worked at "Defendants' Corona, California [automobile] dealership as a non-exempt parts and service counter salesperson." ECF No. 1 ("Compl.") ¶ 10. Specifically, Plaintiff worked at a dealership called Cardinale Mazda, which is owned by Defendant Saul Chevrolet, Inc. ("Saul Chevrolet"). *Id.* Defendants allegedly own multiple car dealerships and "were, at all times relevant hereto, the alter egos of each other." *Id.* ¶ 29.

Plaintiff began working at Cardinale Mazda on March 4, 2015. ECF No. 74-1 ¶ 3. Plaintiff was paid $3,000 per month while working for Defendant and was promised commissions based on sales. Compl. ¶ 31. Plaintiff alleges, however, that the "commission structure was a mirage." *Id.* Plaintiff asserts that, as a result, Plaintiff "was entitled to payment for each of his hours worked, including substantial overtime worked (at one and one-half times his 'regular rate of pay,' based on his salary)." *Id.* Plaintiff also alleges that Defendants required Plaintiff and other employees to work "off the clock," which resulted in unpaid wages and unpaid overtime. *Id.* ¶ 32.

**B. Procedural History**

On October 14, 2016, Plaintiff filed the instant class action and Fair Labor Standards Act ("FLSA") collective action suit against Defendants. *See* Compl. Plaintiff alleges nine causes of action: (1) Failure to Pay Overtime Compensation in violation of FLSA, 29 U.S.C. § 207; (2) Failure to Pay Compensation for All Hours Worked and Minimum Wage Violations in violation of California Labor Code §§ 216, 1194, 1194.2, 1197; (3) Failure to Pay Overtime Compensation in violation of California Labor Code §§ 1194; (4) Failure to Pay Meal and Rest Period Compensation in violation of California Labor Code §§ 226.7, 512; (5) Waiting Time Penalties under California Labor Code § 203; (6) Failure to Pay All Wages by the Appropriate Pay Period in violation of California Labor Code § 204; (7) Failure to Provide Accurate Itemized Statements in violation of California Labor Code § 226; (8) Private Attorney General Act, Cal. Labor Code

2

§ 2699; and (9) Unfair Business Practices in violation of California Business and Professions Code § 17200, *et seq. See* Compl. ¶¶ 44–92.

On February 18, 2017, Defendants filed a motion to compel arbitration. ECF No. 68. On March 6, 2017, Plaintiff filed an opposition, ECF No. 74, and on March 13, 2017, Defendants filed a reply, ECF No. 77. On May 9, 2017, the Court denied Defendants' motion to compel arbitration. ECF No. 88.

On May 22, 2017, Plaintiff filed the instant motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class. *See* Mot. Although Plaintiffs' complaint sought certification of a collective action of all "non-managerial" employees that worked for Defendants, Plaintiff now seeks certification of the following collective action: "All non-managerial Employees at any of Defendants' dealerships from October 11, 2013 to present who worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or maintenance employees or associates and who were paid an hourly rate and/or by commission." ECF No. 105-3 at 2. On June 30, 2017, Defendant filed an opposition, ECF No. 110 ("Opp'n"), and on July 13, 2017, Plaintiff filed a reply, ECF No. 111 ("Reply").

## II. LEGAL STANDARD

Under the FLSA, an employee may bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). In contrast to class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure, potential members of a collective action under the FLSA must "opt in" to the suit by filing a written consent with the court in order to benefit from and be bound by a judgment. *Centurioni v. City & Cty. of S.F*, 2008 WL 295096, at *1 (N.D. Cal. Feb. 1, 2008); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Employees who do not opt in are not bound by a judgment and may subsequently bring their own action. *Centurioni*, 2008 WL 295096 at *1.

Determining whether a collective action is appropriate is within the discretion of the district court. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). The

3

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

plaintiff bears the burden to show that the plaintiff and the putative collective action members are "similarly situated." *Id.* The FLSA does not define the term "similarly situated," nor has the Ninth Circuit defined it. *Id.* Although various approaches have been taken to determine whether plaintiffs are "similarly situated," courts in this circuit have used an ad hoc, two-step approach.[1] *See id.* at 467 ("The court proceeds under the two-tiered analysis, given that the majority of courts have adopted it."); *see also Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the ad hoc approach is arguably the best of the three approaches); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (noting that "conditional certification" involves the exercise of the district court's "discretionary power, upheld in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), to facilitate the sending of notice to potential class members," and approving ad hoc approach).

Under the two-tiered approach, the court first makes an initial "notice stage" determination of whether potential opt-in plaintiffs exist who are similarly situated to the representative plaintiffs, and thus whether a collective action should be certified for the purpose of sending notice of the action to potential collective action members.[2] *See, e.g.*, *Thiessen*, 267 F.3d at 1102; *Wellens*, 2014 WL 2126877 at *1 ("The question is essentially whether there are potentially similarly-situated class members who would benefit from receiving notice at this stage of the pendency of this action as to all defendants."). For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery,

---

[1] Use of this two-tiered approach has been affirmed by at least six United States Courts of Appeals. *See White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012); *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001); *see also Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (adopting the second-step factors from *Thiessen*, without stating if the two-tiered approach applies), *cert granted*, 135 S. Ct. 2806 (2015).
[2] The sole consequence of conditional certification is the "sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (internal citations omitted).

4

that "the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102; *see also Myers*, 624 F.3d 555 (noting plaintiffs must make a "modest factual showing"); *Morton v. Valley Farm Transp., Inc.*, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable basis for their claim of class-wide" conduct (internal quotation marks and citation omitted)); *Stanfield v. First NLC Fin. Serv., LLC*, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006) (holding that the plaintiffs simply "must be generally comparable to those they seek to represent"). The standard for certification at this stage is a "fairly lenient" one that typically results in certification. *Wynn v. Nat'l Broadcasting Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

Once discovery is complete, and the case is ready to be tried, the party opposing collective action certification may move to decertify the collective action. *Leuthold*, 224 F.R.D. at 467. "[T]he Court then determines the propriety and scope of the collective action using a stricter standard." *Stanfield*, 2006 WL 3190527 *2. At that point, "the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." *Leuthold*, 224 F.R.D. at 467. It is at this second stage that the Court makes a factual determination about whether the opt-in plaintiffs are actually similarly situated, by weighing such factors as: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.* (citing *Thiessen*, 267 F.3d at 1103).

Notably, collective actions under the FLSA are not subject to the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification of a class action. *Thiessen*, 267 F.3d at 1105. Thus, even at the second stage, "[t]he requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure. All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the collective action members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial

5
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

policies underlying the FLSA." *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010) (quoting *Wertheim v. Arizona*, 1993 WL 603553, at *1 (D. Ariz. Sept. 30, 1993)).

**III. DISCUSSION**

**A. Certification Standard**

Plaintiff asserts, and Defendant does not contest, that the Court should apply the more lenient first-step standard in the analysis of the instant motion. The Court agrees. "Courts in this Circuit, including this Court, routinely reject [] requests to apply heightened scrutiny before the close of discovery and hold that the first-stage analysis applies until the close of discovery." *Coates v. Farmers Grp., Inc.*, 2015 WL 8477918, at *7 (N.D. Cal. Dec. 9, 2015) (quoting *Benedict v. Hewlett-Packard Co.*, 2014 WL 587135, at *7 (N.D. Cal. Feb. 13, 2014)). Here, discovery has not yet closed, and as of the date of Plaintiff's motion, Plaintiff asserts that no substantive discovery had yet been obtained. Accordingly, the Court finds that the more lenient first-step analysis applies to the instant motion.

As noted above, Plaintiff seeks certification of a collective action composed of "[a]ll non-managerial Employees at any of Defendants' dealerships from October 11, 2013 to present who worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or maintenance employees or associates and who were paid an hourly rate and/or by commission." ECF No. 105-3 at 2. Defendant argues that Plaintiff has not shown under the lenient FLSA conditional collective action certification standard that Plaintiff is "similarly situated" to the putative collective action members. Plaintiff argues that he has adequately demonstrated that he is similarly situated to the members of the putative collective action.

To show that Plaintiff is similarly situated to the other collective action members, under the notice-stage standard, Plaintiff must provide "substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 629 (E.D. Cal. 2009). These allegations and evidence must show a "reasonable basis for [Plaintiff's] claim for class-wide" conduct. *Coates*, 2015 WL 8477918 at *6. Where a case involves a claim of

6
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

misclassification of FLSA-exempt status, courts also require plaintiffs to "provide some further allegations or evidence indicating that prospective class members share similar job duties." *Kress*, 263 F.R.D. at 629–30.[3] "Some courts have also emphasized whether plaintiffs can show that they and the putative class members fell under similar compensation schemes." *Wilson v. Maxim Healthcare Servs., Inc.*, 2014 WL 7340480, at *2 (W.D. Wash. Dec. 22, 2014) (citations omitted); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007) (granting certification where "plaintiffs have shown that Wells Fargo's policy and practice related to [home mortgage consultant] compensation is uniform for all putative classmembers.").

### B. Analysis

As noted above, to show that Plaintiff is similarly situated to the putative collective action members, under the notice-stage standard, Plaintiff must provide "'substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'" *Kress*, 263 F.R.D. at 629. These allegations and evidence must show a "reasonable basis for [Plaintiff's] claim for class-wide" conduct. *Coates*, 2015 WL 8477918 at *6.

Plaintiff argues that he is similarly situated to the putative collective action members because Plaintiff and the putative collective action members "(1) worked overtime, without pay for that overtime work; (2) shared similar job duties, including a mixture of sales and non-sales work; and (3) shared roughly the same pay structure, including a base salary/hour wage, along with some kind of commission structure – and that all of these conditions were set in a top-down 'management-driven' approach at the Cardinale Automotive Group." Reply at 7. In response,

---

[3] This is because "[a]s a matter of both sound public policy and basic common sense, the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 927–28 (D. Ariz. 2010). "If it were, in every instance where an employer is accused of misclassifying a large group of employees, the district court would then somehow be required to order collective action notification, irrespective of the quality or quantity of evidence that had been produced in the form of declarations and supporting exhibits." *Id.*

Defendant argues that Plaintiff has not provided adequate evidence that a "single decision, policy, or plan" affected all of the putative collective action members, or that the job responsibilities and pay structures for the putative collective action members are similar. Defendant also argues that Plaintiff has not sufficiently shown that these positions, job duties, and pay structures are similarly administered at the dealerships where Plaintiff did not work.

In the instant motion, Plaintiff does not identify the "single decision, policy, or plan" that affected all of the putative collective action members. *Kress*, 263 F.R.D. at 629. Collective action certification motions generally fall into one of two types. The first type are "off the clock" cases where the plaintiff-employees assert that an employer-defendant has a policy of not paying overtime or wages for certain periods of work or limits the amount of overtime that can be earned for non-exempt employees. *See Castle v. Wells Fargo Fin., Inc.*, 2008 WL 495705, at *6 (N.D. Cal. Feb. 20, 2008) (describing one example of an off the clock case where the employer-defendant "had an unwritten company-wide policy of 'shaving' off overtime hours from employees' time records").

In the second type of case, the plaintiff-employees assert that the employer-defendant has improperly classified the members of the collective action as exempt from the overtime requirements of FLSA. *See, e.g.*, *Benedict*, 2014 WL 587135 at *8 (holding that a "single decision, policy, or plan" exists where "Plaintiffs were subject to the same uniform classification of exempt status under FLSA"). Usually, mixing these two theories can raise complications for conditionally certifying a collective action because if a collective action contains both exempt and non-exempt employees, "there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate." *Romero v. H.B. Auto. Grp., Inc.*, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012) (citations omitted).

Here, Plaintiff does not clearly assert whether the instant case is an off the clock case, a misclassification case, or some unknown third type of case. Plaintiff's complaint contends that Plaintiff and the putative collective action members were required to stay after their shifts to perform off the clock work. Compl. ¶ 31–32.

8

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

By contrast, in the instant motion, Plaintiff argues that the putative collective action members' compensation did not include overtime, but does not allege how that overtime was accrued and not compensated. Plaintiff omits any allegation or argument that he or any putative collective action member was required to stay after their shifts to perform work off the clock. Moreover, the "Cardinale Automotive Group Employee Handbook" that Plaintiff submits in support of the instant motion states in multiple places that all work hours and rest periods must be recorded on the employee's timesheet, and thus "off the clock" work is not allowed. Rivera Decl. Ex. A at 41. ("[E]ach employee is required to record his or her hours of work for the Dealership either through the use of a time card or through a hand written record."). Furthermore, Plaintiff has not provided any evidence that Plaintiff and the putative collective action members were required to perform off the clock work.

Plaintiff also does not assert that Defendants have uniformly misclassified the putative collective action members as exempt from FLSA. In the instant motion, Plaintiff argues that *he* is non-exempt, but does not argue or provide evidence that the putative collective action members are non-exempt. Thus, from Plaintiff's allegations and evidence, Plaintiff does not identify what "single decision, policy, or plan" has been applied to the members of the putative collective action.

Regardless, even if Plaintiff has sufficiently shown a "single decision, policy, or plan," the Court finds that Plaintiff has failed to satisfy his burden of showing that conditional certification of the putative collective action is appropriate. First, Plaintiff fails to provide any evidence that anyone but Plaintiff worked unpaid overtime. Second, Plaintiff fails to provide sufficient evidence that Plaintiff and members of the putative collective action members have similar job responsibilities and pay structures. Third, Plaintiff does not provide sufficient evidence that whatever decision, policy, or plan exists in this case extended to all Defendants and their dealerships. The Court addresses each point in turn.

### 1. Evidence That Putative Collective Action Members Were Not Paid Overtime

Plaintiff does not provide any evidence that any putative collective action member other

9
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

than Plaintiff worked overtime and was not paid for it. To conditionally certify a collective action, at least some evidence is necessary to support the "substantial allegations" in the complaint. *Kress*, 263 F.R.D. at 629. In *Wong v. HSBC Mortgage Corp. (USA)*, 2008 WL 753889 (N.D. Cal. Mar. 19, 2008), a district court in this district held that the plaintiff had shown the required "factual basis beyond the mere averments in their complaint" where "named plaintiffs Wong and Chaussy, as well as thirteen other loan officers who have submitted declarations in support of the instant motion, declare[d] they routinely worked more than 40 hours per week." *Id.* at *2.

In contrast, in *Bishop v. Petro-Chemical Transport*, *LLC*, 582 F. Supp. 2d 1290 (E.D. Cal. 2008), a district court in the Eastern District of California denied the plaintiff's motion for conditional collective action certification where the plaintiff's declaration "d[id] not include any evidence which indicates that the other drivers who haul in California were improperly paid for their work. Leo Bishop states that he was not paid overtime, but does not offer any evidence of other workers who were not paid overtime." *Id.* at 1296; *see also Richie v. Blue Shield of Cal.*, 2014 WL 6982943, at *11 (N.D. Cal. Dec. 9, 2014) (denying conditional action certification where "outside of her own experience, Plaintiff has failed to introduce any evidence of another claims processor who failed to receive [overtime] compensation").

Here, Plaintiff submits a declaration in support of the instant motion in which Plaintiff states that he worked 52 hours per week on average and that he was not paid overtime for the hours in excess of 40 hours in the week. Rivera Decl. ¶ 5. However, Plaintiff's declaration does not state that any other putative collective action member worked in excess of 40 hours per week and was not paid overtime as a result. Moreover, Plaintiff's declaration does not discuss any putative collective action member who worked unpaid overtime at any of the dealerships owned by Defendants. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. 2007) ("[T]he named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than his own.").

Plaintiff also submits a declaration in support of Plaintiff's reply brief. In that supplemental declaration, Plaintiff states that "every employee that I worked with in the course of

10
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

my over 16 months of employment [at Saul Chevrolet's Cardinale Mazda dealership in Cornoa, California], stated that they shared my same method of pay: [which included] a base salary or base hourly rate, neither of which included overtime." ECF No. 111-1, Supplemental Declaration of Marcos Rivera ("Rivera Supp. Decl.") ¶ 4. First, the Court need not consider this evidence because the submission of new facts in a reply brief is improper. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308–09 n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."). Moreover, the Court notes that this supplemental declaration is in conflict with the declaration Plaintiff originally attached to the instant motion. Originally, Plaintiff asserted that "many of the employees" were paid a commission structure that was "similar" to Plaintiff's. Rivera Decl. ¶ 6. However, now Plaintiff asserts that "all" of the employees with whom he worked had a "similar" pay structure. Rivera Supp. Decl. ¶ 3. Without any additional evidence to corroborate Plaintiff's changed position, the Court cannot rely on the supplemental declaration. Regardless, even in this supplemental reply brief declaration, Plaintiff does not state that any other employee actually worked in excess of 40 hours per week and was not paid the appropriate rate based on that overtime. Furthermore, this supplemental declaration does not mention whether any employees were not paid overtime outside of Saul Chevrolet's Cardinale Mazda dealership in Corona, California. Thus, given the lack of evidence regarding any putative collective action member besides Plaintiff, like the plaintiff in *Bishop*, Plaintiff has failed to satisfy his burden.

The Court notes that this burden is not difficult to satisfy. A handful of declarations may suffice. *See, e.g.*, *Gilbert v. Citigroup, Inc.*, 2009 WL 424320, at *2 (N.D. Cal. Feb. 18, 2009) (finding standard met based on declarations from plaintiff and four other individuals); *Escobar v. Whiteside Constr. Corp.*, 2008 WL 3915715, at *3–4 (N.D. Cal. Aug. 21, 2008) (finding standard met based on declarations from three plaintiffs); *Leuthold*, 224 F.R.D. at 468-69 (finding standard met based on affidavits from three proposed lead plaintiffs). Here, however, Plaintiff provides only his own declaration, and that declaration does not even address whether other members of the collective action worked overtime. Accordingly, Plaintiff has not provided the necessary "factual

11

Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

basis beyond the mere averments in [his] complaint" that other employees within the putative collective action performed overtime work. *Wong*, 2008 WL 753889 at *2. This is a sufficient basis to deny the instant motion.

### 2. Whether Plaintiff Has Presented Sufficient Evidence of Similar Job Responsibilities and Pay Structures

Even if Plaintiff had provided sufficient evidence to conclude that anyone other than Plaintiff actually worked unpaid overtime, Plaintiff has not provided sufficient evidence that Plaintiff and the putative collective action members share similar job responsibilities and pay structures. As noted above, if a case involves FLSA misclassification, courts require a plaintiff to "provide some further allegations or evidence indicating that prospective collective action members share similar job duties." *Kress*, 263 F.R.D. at 629–30.[4] "Some courts have also emphasized whether plaintiffs can show that they and the putative class members fell under similar compensation schemes." *Wilson*, 2014 WL 7340480 at *2 (citations omitted); *In re Wells Fargo*, 527 F. Supp. 2d at 1071 (granting conditional certification where "plaintiffs have shown that Wells Fargo's policy and practice related to [home mortgage consultant] compensation is uniform for all putative classmembers."). The burden is on Plaintiff to show that Plaintiff and the putative collective action members have similar job responsibilities and pay structures. *In re Wells Fargo*, 527 F. Supp. 2d at 1071 (stating that "Plaintiff[] bear[s] the burden of showing that [Plaintiff] and the proposed class are similarly situated for purposes of section 216(b)").

Before the Court addresses whether Plaintiff has satisfied his burden of showing similar job responsibilities and pay structures, the Court addresses the exact boundaries of the putative collective action. Plaintiff seeks to conditionally certify a collective action of "[a]ll non-managerial Employees at any of Defendants' dealerships from October 11, 2013 to present who worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or

---

[4] As noted above, Plaintiff is not clear as to whether the putative collective action members are all misclassified as exempt from FLSA. However, the Court assumes for the purposes of this section that Plaintiff has adequately provided evidence of a "single decision, policy, or plan" that misclassifies the putative collective action members as exempt from overtime.

12
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

maintenance employees or associates and who were paid an hourly rate and/or by commission." ECF No. 105-3 at 2. This putative collective action therefore seemingly includes the following jobs: parts salesperson, parts counterperson, parts associate, auto salesperson, auto associate, maintenance associate, and any other employee in the maintenance department. Moreover, the putative collective action is limited to people paid with the following salary structures: (1) an hourly rate, (2) by commission, or (3) on an hourly basis with an additional commission.

The Court next addresses whether Plaintiff has satisfied his burden of showing that Plaintiff and the members of the putative collective action have similar job responsibilities and pay structures. The Court first addresses Plaintiff's job responsibility evidence and then addresses Plaintiff's pay structure evidence.

### a. Job Responsibilities

In a declaration in support of the instant motion, Plaintiff states that at the dealership where he worked "employees were separated into three categories: auto sales, parts, and maintenance." ECF No. 105-2, Declaration of Marcos Rivera ("Rivera Decl.") ¶ 6. Plaintiff states that "[e]ach of these three categories had a defined and similar set of job duties." *Id.*

In support of the instant motion, Plaintiff also provides job listings from the CardinaleWay website for (1) an "Automotive Parts Counterperson" at CardinaleWay Hyundai in Corona, California, (2) an "Automotive Parts Associate" at a Cardinale Nissan dealership in San Luis Obispo, California, (3) an "Automotive Sales Associate" at a Cardinale Mazda dealership in Las Vegas, Nevada, (4) an "Automotive Parts Associate" at a Cardinale Nissan dealership in San Luis Obispo, California, and (5) an "Automotive Sales Associate" for a Volkswagen dealership in Corona, California. ECF No. 105-1 at 12.

As an initial matter, the Court notes that although these job listings are on the CardinaleWay website, Plaintiff does not declare that any of the job responsibilities listed in these descriptions correspond with the work that Plaintiff performed at Cardinale Mazda in Corona, California. Plaintiff's position of "parts counterperson" is listed. However, that listing is for CardinaleWay Hyundai (while Plaintiff worked for Cardinale Mazda), and Plaintiff does not state

13
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

that those listed job responsibilities are the same as, or similar to, Plaintiff's job responsibilities. Thus, Plaintiff has not provided the Court evidence of Plaintiff's *own* job responsibilities. Without such evidence, the Court has no basis by which to compare Plaintiff to other members of the putative collective action.

Even if the Court were to assume that the job listing for a parts counterperson at CardinaleWay Hyundai matched the job performed by Plaintiff, Plaintiff has provided job listings for only a subset of the positions in the putative collective action: a parts counterperson, a parts associate, and an automotive sales associate. Plaintiff provides no job listing or description of responsibilities for the positions of parts salesperson, auto salesperson (as opposed to an auto sales associate), or any maintenance employees.[5] Indeed, Plaintiff fails to even define all of the types of employees that are included in the "maintenance employees" category. This creation of a collective action that may include any number of unknown categories of maintenance employees while providing evidence only as to a subset of employee categories is sufficient to deny conditional certification of the putative collective action. *See Sheffield v. Orius Corp.*, 211 F.R.D. 411, 417 (D. Or. 2002) (denying collective action certification where the putative collective action included many types of different workers, but "the affidavits and declarations represent a much smaller set of injured workers").

Accordingly, the Court finds that Plaintiff has not provided sufficient evidence to show that Plaintiff and the members of the putative collective action share similar job responsibilities.

### b. Pay Structures

Plaintiff also fails to provide sufficient evidence that Plaintiff and members of the putative

---

[5] In a supplemental declaration attached to Plaintiff's reply, Plaintiff describes generally that "mechanics (a/k/a 'technicians')" and "service advisors" engage in job duties that "included sales," but that also included "many other non-sales duties." Rivera Supp. Decl. ¶ 4. However, as noted above, the Court need not consider this declaration because presenting new evidence attached to a reply brief is improper. *Contratto*, 227 F.R.D. at 308–09 n.5 ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."). Moreover, even if the Court were to consider this declaration, Plaintiff's statement that these jobs include both sales and non-sales duties is vague, and based on the supplemental declaration, the Court is unsure on what exactly these employees "sell."

14
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

collective action have similar pay structures. Plaintiff's declaration states that Plaintiff earns a salary plus a commission on sales, and that "many of [the employees working with Plaintiff] were compensated according to a [pay] structure similar to mine." Rivera Decl. ¶ 6. However, Plaintiff's vague averment that "many" employees have a pay structure similar to Plaintiff does not satisfy Plaintiff's burden of showing that all of the putative collective action members, not just some subset of them, are similarly situated to Plaintiff.

Moreover, the putative collective action includes individuals who earn *only* an hourly wage or *only* a commission. ECF No. 105-3 at 2 (including in putative collective action, employees "who were paid an hourly rate and/or by commission."). By contrast, the instant motion and Plaintiff's declarations discuss only employees who earn either (1) an hourly wage *and* a commission or (2) a salary *and* a commission. Plaintiff does not argue, and provides no evidence, that individuals paid solely an hourly wage or solely by commission are not paid overtime that is owed to them.

Moreover, the putative collective action has a more fundamental flaw in that it does not mention individuals who earn salaries at all. Indeed, the description of the putative collective action does not include Plaintiff himself, who was paid a $3,000 monthly salary and commissions on sales. Perhaps Plaintiff believes that he is included in the description of the putative collective action because he is at least partly paid "by commission." However, the description of the collective action to be certified certainly is not clear on this issue, and thus the putative collective action cannot be certified in its current form.

Overall, although Plaintiff must show that members of the putative collective action had similar job responsibilities and pay structures to Plaintiff, Plaintiff has failed to provide evidence that is necessary to determine whether the members of the putative collective action are similarly situated with Plaintiff. Plaintiff's failure to provide this evidence constitutes yet another reason to deny the instant motion.

### 3. Defendants Other Than Saul Chevrolet

The Court next turns to whether Plaintiff has made sufficient allegations as to employees at

15
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

all of the dealerships owned by Defendants. As noted above, Plaintiff worked at Saul Chevrolet's Cardinale Mazda dealership in Corona, California. However, Plaintiff's collective action extends to all of the 13 Defendants and their alleged 17 dealerships in California, Arizona, and Nevada. Plaintiff's evidence does not provide a reasonable basis to conclude that a policy to not pay overtime extends to all of those dealerships. The Court notes that "'plaintiff[] do[es] not need to provide evidence that every facility relevant to the proposed class maintains an illegal policy.'" *Villa v. United Site Servs. of Cal., Inc.*, 2012 WL 5503550, at *14 (N.D. Cal. Nov. 13, 2012) (quoting *Adams*, 242 F.R.D. at 537). However, Plaintiff must still provide a reasonable basis to conclude that similarly situated employees suffered the same design, policy, or plan at the other locations.

Here, Plaintiff has provided evidence that the defendants in this case operate dealerships that are in the "Cardinale Automotive Group." Each of the Defendants or their dealerships use the name "Cardinale." Moreover, Plaintiff has filed with the Court a copy of the "Cardinale Automotive Group Employee Handbook." Rivera Decl. Ex. A. That handbook "is designed to acquaint [the employee] with Cardinale Motors and to give you a reference to answer many of your questions regarding your employment with us." Id. at 3. The handbook specifies that the "Dealership has the ability to add, change or delete wages, benefits, policies and all other working conditions as it deems appropriate without obtaining another person's consent or agreement." *Id.* The handbook is unclear as to whether "Dealership" refers to each individual dealership that is part of the Cardinale Automotive Group.

Nonetheless, Plaintiff provides no evidence that any employee was not paid overtime at any location other than at Plaintiff's former employer, Cardinale Mazda in Corona, California. *See Adams*, 242 F.R.D. at 537 ("[T]he named plaintiff must demonstrate that there existed at least one similarly situated person at a facility other than his own."). Plaintiff provides no evidence that decisions about overtime compensation and exemptions under FLSA are made by a centralized "Cardinale Automotive Group" rather than each individual Defendant at their respective dealerships.

16
Case No. 16-CV-05966-LHK
ORDER DENYING MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION

Plaintiff also submits two newspaper article interviews with Joe Cardinale, the "founder, majority owner, and president of the Cardinale Automotive Group," and Erich Gail, the CEO of the Cardinale Automotive Group. ECF No. 105-1 at 4–5. However, in one of the interviews, Joe Cardinale characterizes some of the Cardinale Automotive Group dealerships as "franchises." Depending on the franchise agreements, policy decisions about overtime compensation and exemptions could be made by a centralized entity or in an ad hoc manner by each franchisee. Without at least a basic understanding of how the Cardinale Automotive Group and Defendants are interconnected, the Court cannot conclude that all of the employees at these dealerships are similarly situated.

The identical issue was addressed in *Pares v. Kendall Lakes Automotive, LLC*, 2013 WL 3279803 (S.D. Fla. June 27, 2013). In that case, a district court in the Southern District of Florida held that policies at a single dealership could be attributed to multiple dealerships because the dealerships "share[d] a common father-son management, share[d] a common commission payment plan, and maintain[ed] a single office for the handling of human resources, payroll processing, and accounting functions." *Id.* at *9.

Here, many of the Defendants provide declarations that state that Defendants do not share common management. *See* ECF No. 110-4, 110-5, 110-6, 110-7, 110-8, 110-9, 110-10, 110-11. Moreover, Plaintiff points to no evidence that the compensation plans are the same across all of the dealerships, and Plaintiff points to no evidence of a common office for human resources, payroll processing, and accounting functions.

Plaintiff argues that his burden on these issues should be decreased because Defendant provided insubstantial responses to Plaintiff's interrogatories that were composed almost entirely of objections. The Court acknowledges that a Defendant's failure to produce discovery can decrease Plaintiff's burden for the purposes of conditionally certifying a collective action. *See Hensley v. Eppendorf N. Am., Inc.*, 2014 WL 2566144, at *7 (S.D. Cal. June 6, 2014) (decreasing burden where the plaintiff had "not yet been able to try to obtain evidence"). However, without some basis to conclude that overtime-pay related decisions are centrally decided, the Court does

17

not have a reasonable basis for conditionally certifying Plaintiff's putative collective action.

Accordingly, because the Court finds that Plaintiff is not similarly situated with all of the putative collective action members, the Court DENIES Plaintiff's Motion to Conditionally Certify FLSA Collective Action.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Conditionally Certify FLSA Collective Action without prejudice. If Plaintiff chooses to file a subsequent motion to conditionally certify FLSA collective action, Plaintiff must file such a motion within thirty (30) days of the instant order. Failure to cure the deficiencies identified in this order or failure to file a subsequent motion within thirty (30) days will result in a denial with prejudice of conditional certification of FLSA collective action.

**IT IS SO ORDERED.**

Dated: July 31, 2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge