UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS RIVERA,<br><br>         Plaintiff,<br><br>    v.<br><br>SAUL CHEVROLET, INC., et al.,<br><br>         Defendants. | Case No.16-cv-05966-LHK   (SVK)<br><br>**ORDER ON JOINT STATEMENT REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 116 |

Before the Court is the parties' Joint Statement Regarding Discovery Dispute, in which Plaintiff Marcos Rivera argues that certain of Defendants' discovery responses, as well as Defendants' production of documents, are deficient. ECF 116. At issue are discovery requests served by Plaintiff on Defendants Saul Chevrolet, Inc.; Cardinale Automotive Group of Tahoe, Inc.; Cardinale Oldsmobile GMC Truck, Inc.; Cardinale AG Motorbike, Inc.; Cardinale Nissan, Inc.; Cardinale Protective Services, Inc.; Cardinale AG Nevada, Inc.; and Cardinale Automotive Group-Arizona, Inc. (collectively, "Defendants"). Plaintiff argues that the information and documents sought are relevant, particularly to Plaintiff's upcoming renewed motion to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA"). Defendants argue that discovery at this stage should be limited to a narrower scope of information about Defendants and their employees. Because Plaintiff's renewed motion is due by August 30, 2017, we are treating the parties' joint statement as an expedited request.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for determination without a hearing. After consideration of the joint statement, relevant legal authority, and good cause appearing, the Court orders Defendants to produce additional documents as set forth below.

////

////

## I. BACKGROUND

Plaintiff alleges that he was employed by automobile dealership Cardinale Mazda (which is owned by Defendant Saul Chevrolet, Inc.) as a "non-exempt parts and service counter salesperson" from March 4, 2015 until July 2016. ECF 1 ¶ 10; ECF 74-1 ¶ 3. Plaintiff alleges that he was paid $3,000 per month while working for Cardinale Mazda and was promised commissions based on sales. ECF 1 ¶ 31. Plaintiff claims that the "commission structure was a mirage" and that, as a result, he is entitled to payment for each hour worked, as well as overtime. *Id.*

On October 14, 2016, Plaintiff filed this class action and FLSA collective action suit against Defendants. *Id.* Plaintiff alleges that Defendants own multiple car dealerships and "were, at all times relevant hereto, the alter egos of each other." *Id.* ¶ 29.

On May 22, 2017, Plaintiff filed a motion to conditionally certify a FLSA collective action and send notice to the class. ECF 105. In his motion, Plaintiff sought certification of the following collective action: "All non-managerial Employees at any of Defendants' dealerships from October 11, 2013 to present who worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or maintenance employees or associates and who were paid an hourly rate and/or by commission." ECF 105-3 at 2.

On July 31, 2017, the District Judge denied Plaintiff's motion for conditional certification. ECF 115. The District Judge noted that Plaintiff had not identified the "single decision, policy, or plan" that affected all of the putative collective action members. *Id.* at 8. The District Judge also found that, even if Plaintiff had made a showing that there was a single decision, policy, or plan, Plaintiff's showing was nevertheless deficient in several respects:

> First, Plaintiff fails to provide any evidence that anyone but Plaintiff worked unpaid overtime. Second, Plaintiff fails to provide sufficient evidence that Plaintiff and members of the putative collective action … have similar job responsibilities and pay structures. Third, Plaintiff does not provide sufficient evidence that whatever decision, policy, or plan exists in this case extended to all Defendants and their dealerships.

*Id.* at 9.

The District Judge's order denying certification stated that Plaintiff could file a new motion to conditionally certify a FLSA collective action within thirty (30) days in an effort to cure

2

1   the deficiencies identified in the Court's order.  *Id.* at 18.   Plaintiff's motion is due in two weeks,
2   on August 30, 2017.  *Id*.

## II. DISCUSSION

The District Judge's order denying conditional certification set forth the applicable legal standard for certifying a FLSA collective action at this initial "notice stage" of the case:  "whether potential opt-in plaintiffs exist who are similarly situated to the representative plaintiffs, and thus whether a collective action should be certified for the purpose of sending notice of the action to potential collective action members."  ECF 115 at 4 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).  "For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan."  ECF 114 at 4-5 (quotation marks and citations omitted).  Plaintiff argues that he "***absolutely requires***" the documents he seeks in requests for production so that his upcoming renewed motion for conditional certification can address the deficiencies identified by the District Judge in her order denying his original motion.  ECF 116 at 4 (emphasis in original).

As a compromise, Defendants have proposed limiting Plaintiff's class-related discovery requests to: (1) "documents and information pertaining to all 'non-managerial' employees compensated at least in part via salary (like Plaintiff was) during the relevant time period"; (2) "a sampling of documents pertaining to 'non-managerial' employees of Defendants that were not compensated on a salary basis"; and (3) "the articles of incorporation and related registration documents for Defendants, including the names of Defendants' owners/shareholders, officers, and directors."  ECF 116 at 2.

The Court finds that Defendants' proposed compromise is reasonable at this pre-certification stage of the case, and therefore adopts Defendants' proposal to produce documents as described above, with the following clarifications.  First, the documents produced under categories (1) and (2) of Defendants' proposed compromise must include payroll and other requested pay records for the responsive employees in those categories.  Second, the production of documents pursuant to category (1) must include documents from each Defendant that has employees that

3

meet the category (1) criteria. Similarly, the sampling of documents produced pursuant to category (2) must include documents from each Defendant that has employees that meet the category (2) criteria.

Plaintiff also served Defendants with interrogatories and requests for admission. In connection with the present dispute over Plaintiff's requests for production, Plaintiff has offered to allow Defendant to defer its responses to interrogatories and requests for admission until after the District Judge's decision on Plaintiff's new conditional certification motion. ECF 116 at 4. Because the parties have not presented a ripe dispute on the interrogatories or requests for admissions, and because of the limited time frame remaining before Plaintiff's new motion for conditional certification is due, the Court does not reach the issue of whether Defendants should be required to provide further responses to interrogatories or requests for admission following certification, if the District Judge certifies the case. If, following the District Judge's ruling on certification and the parties' further meet and confer efforts, a dispute over these other discovery responses remains, the parties shall present it to this Court by way of a joint letter brief.

## III. CONCLUSION

For the reasons set forth above, Defendants must produce the following documents no later than **August 23, 2017:**

1. Documents responsive to the class-related requests in Requests for Production Nos. 1-21 pertaining to all non-managerial employees of any of the Defendants compensated at least in part via salary during the relevant time period;

2. Documents responsive to the class-related requests in Request for Production Nos. 1-21 pertaining to a representative sample of non-managerial employees of any of the Defendants that were not compensated on a salary basis during the relevant time period; and

////

////

////

3.  In response to Request for Production Nos. 22-40, the articles of incorporation and related registration documents for Defendants, including the names of Defendants' owners/shareholders, officers, and directors.

**SO ORDERED.**

Dated: August 16, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge