1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

MARCOS RIVERA,

13

           Plaintiff,

14

     v.

15

SAUL CHEVROLET, INC., et al.,

16

          Defendants.

17

Case No. 16-CV-05966-LHK

**ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION**

Re: Dkt. No. 128

18      Plaintiff Marcos Rivera ("Plaintiff"), on behalf of himself, the public, and all others

19 similarly situated, brings this action against Saul Chevrolet, Inc.; Cardinale Automotive Group of

20 Tahoe, Inc.; Cardinale Automotive Group; Volkswagen Hyundai; Cardinale Oldsmobile GMC

21 Truck, Inc.; Cardinale AG Motorbike, Inc.; Cardinale Nissan, Inc.; Cardinale Protective Services,

22 Inc.; Cardinaleway Nevada AG Inc.; Cardinaleway Acura; Cardinale Automotive Group-Arizona,

23 Inc.; Cardinaleway Mazda AT Peoria; and Cardinaleway Mazda AT Superstition Springs

24 (collectively, "Defendants"). Before the Court is Plaintiff's Second Motion to Conditionally

25 Certify a FLSA Collective Action and Send Notice to the Class. ECF No. 128 ("Mot."). Having

26 considered the parties' briefing, the relevant law, and the record in this case, the Court DENIES

27

28

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

United States District Court
Northern District of California

with prejudice Plaintiff's Second Motion to Conditionally Certify FLSA Collective Action.

## I.      BACKGROUND

### A.      Factual Background

Plaintiff alleges that he is a former employee of Defendants who worked at "Defendants' Corona, California [automobile] dealership as a non-exempt parts and service counter salesperson."  ECF No. 1 ("Compl.") ¶ 10.  Specifically, Plaintiff worked at a dealership called Cardinale Mazda, which is owned by Defendant Saul Chevrolet, Inc. ("Saul Chevrolet").  *Id.*  Defendants allegedly own multiple car dealerships and "were, at all times relevant hereto, the alter egos of each other."  *Id.* ¶ 29.

Plaintiff began working at Cardinale Mazda on March 4, 2015.  ECF No. 74-1 ¶ 3.  Plaintiff was paid $3,000 per month while working for Defendants and was promised commissions based on sales.  Compl. ¶ 31.  Plaintiff alleges, however, that the "commission structure was a mirage."  *Id.*  Plaintiff asserts that, as a result, Plaintiff "was entitled to payment for each of his hours worked, including substantial overtime worked (at one and one-half times his 'regular rate of pay,' based on his salary)."  *Id.*  Plaintiff also alleges that Defendants required Plaintiff and other employees to work "off the clock," which resulted in unpaid wages and unpaid overtime.  *Id.* ¶ 32.

### B.      Procedural History

On October 14, 2016, Plaintiff filed the instant class action and Fair Labor Standards Act ("FLSA") collective action suit against Defendants.  *See* Compl.  Plaintiff alleges nine causes of action: (1) Failure to Pay Overtime Compensation in violation of FLSA, 29 U.S.C. § 207; (2) Failure to Pay Compensation for All Hours Worked and Minimum Wage Violations in violation of California Labor Code §§ 216, 1194, 1194.2, 1197; (3) Failure to Pay Overtime Compensation in violation of California Labor Code §§ 1194; (4) Failure to Pay Meal and Rest Period Compensation in violation of California Labor Code §§ 226.7, 512; (5) Waiting Time Penalties under California Labor Code § 203; (6) Failure to Pay All Wages by the Appropriate Pay Period in

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

1   violation of California Labor Code § 204; (7) Failure to Provide Accurate Itemized Statements in

2   violation of California Labor Code § 226; (8) Private Attorney General Act, Cal. Labor Code

3   § 2699; and (9) Unfair Business Practices in violation of California Business and Professions

4   Code § 17200, *et seq.  See* Compl. ¶¶ 44–92.

5        On February 18, 2017, Defendants filed a motion to compel arbitration.  ECF No. 68.  On

6   March 6, 2017, Plaintiff filed an opposition, ECF No. 74, and on March 13, 2017, Defendants

7   filed a reply, ECF No. 77.  On May 9, 2017, the Court denied Defendants' motion to compel

8   arbitration.  ECF No. 88.

9        On May 22, 2017, Plaintiff filed a motion to Conditionally Certify a FLSA Collective

10   Action and Send Notice to the Class.  *See* ECF No. 105.  On June 30, 2017, Defendants filed an

11   opposition, ECF No. 110, and on July 13, 2017, Plaintiff filed a reply, ECF No. 111.  On July 31,

12   2017, the Court denied Plaintiff's motion to Conditionally Certify a FLA Collective Action and

13   Send Notice to the Class.  ECF No. 115.  The Court found that Plaintiff (1) failed to "identify the

14   'single decision, policy, or plan' that affected all of the putative collective action members"; (2)

15   "fail[ed] to provide any evidence that anyone but Plaintiff worked unpaid overtime"; (3) "fail[ed]

16   to provide sufficient evidence that Plaintiff and members of the putative collective action members

17   have similar job responsibilities and pay structures"; and (4) failed to "provide sufficient evidence

18   that whatever decision, policy, or plan exists in this case extended to all Defendants and their

19   dealerships." *Id.* at 8–9.  The Court afforded Plaintiff leave to file a second motion to

20   conditionally certify a FLSA collective action, but cautioned Plaintiff that "[f]ailure to cure the

21   deficiencies identified in this order . . . will result in a denial with prejudice of conditional

22   certification of FLSA collective action." *Id.* at 18.

23        On September 11, 2017, Plaintiff filed the instant Second Motion to Conditionally Certify

24   a FLSA Collective Action and Send Notice to the Class.  *See* Mot.  Although Plaintiff's complaint

25   sought certification of a collective action of all "non-managerial" employees that worked for

26   Defendants, Plaintiff now seeks certification of the following collective action: "[A]ll non-

27

28   Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

United States District Court
Northern District of California

3

1   managerial Employees at any of Defendant's dealerships from October 11, 2013 to present who

2   worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or

3   maintenance employees or associates and who were paid a base amount, whether by salary or by

4   draw, with the possibility of a commission payment." Mot. at 15.  On September 25, 2017,

5   Defendant filed an opposition, ECF No. 129 ("Opp'n"), and on October 2, 107, Plaintiff filed a

6   reply.  ECF No. 131 ("Reply").

7   ## II.   LEGAL STANDARD

8           Under the FLSA, an employee may bring a collective action on behalf of other "similarly

9   situated" employees. 29 U.S.C. § 216(b).  In contrast to class actions pursuant to Rule 23 of the

10  Federal Rules of Civil Procedure, potential members of a collective action under the FLSA must

11  "opt in" to the suit by filing a written consent with the court in order to benefit from and be bound

12  by a judgment. *Centurioni v. City & Cty. of S.F*, 2008 WL 295096, at *1 (N.D. Cal. Feb. 1, 2008);

13  *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he

14  gives his consent in writing to become such a party and such consent is filed in the court in which

15  such action is brought.").  Employees who do not opt in are not bound by a judgment and may

16  subsequently bring their own action. *Centurioni*, 2008 WL 295096 at *1.

17          Determining whether a collective action is appropriate is within the discretion of the

18  district court. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).  The

19  plaintiff bears the burden to show that the plaintiff and the putative collective action members are

20  "similarly situated." *Id.*  The FLSA does not define the term "similarly situated," nor has the

21  Ninth Circuit defined it. *Id.*  Although various approaches have been taken to determine whether

22  plaintiffs are "similarly situated," courts in this circuit have used an ad hoc, two-step approach.[1]

23

24  ---

[1] Use of this two-tiered approach has been affirmed by at least six United States Courts of Appeals. *See White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) ("District courts determine whether plaintiffs are similarly situated in a two-step process, the first at the beginning of discovery and the second after all class plaintiffs have decided whether to opt-in and discovery has concluded."); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) ("We implicitly embraced this two-step approach, and we affirm its use here."); *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) (calling the two-tiered approach "sensible");

4

*See id.* at 467 ("The court proceeds under the two-tiered analysis, given that the majority of courts have adopted it."); *see also Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the ad hoc approach is arguably the best of the three approaches); *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (noting that "conditional certification" involves the exercise of the district court's "discretionary power, upheld in *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), to facilitate the sending of notice to potential class members," and approving ad hoc approach).

Under the two-tiered approach, the court first makes an initial "notice stage" determination of whether potential opt-in plaintiffs exist who are similarly situated to the representative plaintiffs, and thus whether a collective action should be certified for the purpose of sending notice of the action to potential collective action members.[2] *See, e.g., Thiessen*, 267 F.3d at 1102; *Wellens*, 2014 WL 2126877 at *1 ("The question is essentially whether there are potentially similarly-situated class members who would benefit from receiving notice at this stage of the pendency of this action as to all defendants."). For conditional certification at this notice stage, the court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102; *see also Myers*, 624 F.3d at 555 (noting plaintiffs must make a "modest factual showing"); *Morton v. Valley Farm Transp., Inc.*, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13, 2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a

---

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) ("[C]ollective actions typically proceed in two stages."); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("[W]e have sanctioned a two-stage procedure."); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (calling the two-tiered approach arguably the best of three approaches outlined and approving of its use); *see also Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014) (adopting the second-step factors from *Thiessen*, without stating if the two-tiered approach applies), *aff'd*, 136 S. Ct. 1036 (2016).

[2] The sole consequence of conditional certification is the *sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court.* *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (internal citations omitted).

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

United States District Court
Northern District of California

"reasonable basis for their claim of class-wide" conduct (internal quotation marks and citation omitted)); *Stanfield v. First NLC Fin. Serv., LLC*, 2006 WL 3190527, at \*2 (N.D. Cal. Nov. 1, 2006) (holding that the plaintiffs simply "must be generally comparable to those they seek to represent").  The standard for certification at this stage is a "fairly lenient" one that typically results in certification.  *Wynn v. Nat'l Broadcasting Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

Once discovery is complete, and the case is ready to be tried, the party opposing collective action certification may move to decertify the collective action.  *Leuthold*, 224 F.R.D. at 467.  "[T]he Court then determines the propriety and scope of the collective action using a stricter standard."  *Stanfield*, 2006 WL 3190527 \*2.  At that point, "the court may decertify the class and dismiss the opt-in plaintiffs without prejudice."  *Leuthold*, 224 F.R.D. at 467.  It is at this second stage that the Court makes a factual determination about whether the opt-in plaintiffs are actually similarly situated, by weighing such factors as: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations."  *Id.* (citing *Thiessen*, 267 F.3d at 1103).

Notably, collective actions under the FLSA are not subject to the requirements of Rule 23 of the Federal Rules of Civil Procedure for certification of a class action.  *Thiessen*, 267 F.3d at 1105.  Thus, even at the second stage, "[t]he requisite showing of similarity of claims under the FLSA is considerably less stringent than the requisite showing under Rule 23 of the Federal Rules of Civil Procedure.  All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the collective action members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA."  *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1009 (N.D. Cal. 2010) (quoting *Wertheim v. Arizona*, 1993 WL 603553, at \*1 (D. Ariz. Sept. 30, 1993)).

III.    **DISCUSSION**

6

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

**A.     Certification Standard**

In this Court's previous order denying Plaintiff's first motion to conditionally certify a FLSA collective action, the Court applied the more lenient first-step standard.  ECF No. 115 at 6. In doing so, the Court noted that "[c]ourts in this Circuit, including this Court, routinely reject [] requests to apply heightened scrutiny before the close of discovery and hold that the first-stage analysis applies until the close of discovery."  *Id.* (quoting *Coates v. Farmers Grp., Inc.*, 2015 WL 8477918, at *7 (N.D. Cal. Dec. 9, 2015) (quoting *Benedict v. Hewlett-Packard Co.*, 2014 WL 587135, at *7 (N.D. Cal. Feb. 13, 2014))).  Because discovery has not yet closed, the Court finds that the more lenient first-step analysis applies to the instant second motion to conditionally certify a FLSA collective action as well.

As noted above, Plaintiff's second motion seeks certification of a collective action composed of "all non-managerial Employees at any of Defendant's dealerships from October 11, 2013 to present who worked as parts salespeople, counterpeople, or associates, auto salespeople or associates, or maintenance employees or associates and who were paid a base amount, whether by salary or by draw, with the possibility of a commission payment."  Mot. at 15.  Defendants argue that Plaintiff has not shown under the lenient FLSA conditional collective action certification standard that Plaintiff is "similarly situated" to the putative collective action members.  Plaintiff argues that he has adequately demonstrated that he is similarly situated to the members of the putative collective action.

To show that Plaintiff is similarly situated to the other collective action members, under the notice-stage standard, Plaintiff must provide "substantial allegations, supported by declarations or discovery, that 'the putative class members were together the victims of a single decision, policy, or plan.'"  *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 629 (E.D. Cal. 2009). These allegations and evidence must show a "reasonable basis for [Plaintiff's] claim for class-wide" conduct.  *Coates*, 2015 WL 8477918 at *6.

**B.     Analysis**

7

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

In the instant motion, Plaintiff states that "Plaintiff's collective action claim based on the FLSA is an 'off the clock' case in which Defendants have a policy of not paying overtime or wages to non-exempt employees such as Plaintiff." Mot. at 11. Thus, Plaintiff has identified a "single decision, policy, or plan" that allegedly affected all of the putative collective action members. *Kress*, 263 F.R.D. at 629. However, the Court finds that Plaintiff has yet again failed to satisfy his burden of showing that conditional certification of the putative collective action is appropriate. Specifically, like Plaintiff's first motion to conditionally certify a FLSA collective action, Plaintiff's second motion "fails to provide any evidence that anyone but Plaintiff worked unpaid overtime" and "does not provide sufficient evidence that whatever decision, policy, or plan exists in this case extended to all Defendants and their dealerships." ECF No. 115 at 9. The Court addresses each point in turn. Then, the Court considers Plaintiff's request for additional time to file further briefing and evidence in support of the instant motion.

> **1.  Evidence That Putative Collective Action Members Were Not Paid Overtime**

Plaintiff does not provide any evidence that any putative collective action member other than Plaintiff worked unpaid overtime. To conditionally certify a collective action, at least some evidence is necessary to support the "substantial allegations" in the complaint. *Kress*, 263 F.R.D. at 629. For example, in *Bishop v. Petro-Chemical Transport, LLC*, 582 F. Supp. 2d 1290 (E.D. Cal. 2008), a district court in the Eastern District of California denied the plaintiff's motion for conditional collective action certification where the plaintiff's declaration "d[id] not include any evidence which indicates that the other drivers who haul in California were improperly paid for their work. Leo Bishop states that he was not paid overtime, but does not offer any evidence of other workers who were not paid overtime." *Id.* at 1296; *see also Richie v. Blue Shield of Cal.*, 2014 WL 6982943, at *11 (N.D. Cal. Dec. 9, 2014) (denying conditional action certification where "outside of her own experience, Plaintiff has failed to introduce any evidence of another claims processor who failed to receive [overtime] compensation").

Here, Plaintiff submits a declaration in support of the instant motion in which Plaintiff

8

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

1    states that he worked 52 hours per week on average and that he was not paid overtime for the

2    hours in excess of 40 hours in the week.  ECF No. 128-1 ("Rivera Decl.") ¶ 4.  Plaintiff also states

3    in his declaration that while Plaintiff was employed by Defendants, he (1) "observed [his] co-

4    workers . . . work more than 8 hours per day and more than 40 hours in a week"; and (2) surmised

5    that employees at Defendants' other nearby dealerships worked overtime "based on the timing of

6    phone calls and the things that [those employees] told [him] over the phone" and the fact that he

7    "often observed . . . cars still parked in the [other nearby dealerships'] parking lot[s] after [he] left

8    work." *Id.* ¶¶ 7–8.

9         Although these statements in Plaintiff's declaration constitute evidence that other workers

10    employed by Defendants worked overtime hours, Plaintiff nonetheless falls short of satisfying his

11    evidentiary burden.  This is because Plaintiff's declaration fails to provide any facts that

12    demonstrate—or even weakly suggest—that these other workers *were not paid overtime wages* for

13    their overtime hours.  Indeed, nowhere in his declaration does Plaintiff even state that these other

14    employees worked *unpaid* overtime.  Further, Plaintiff has not submitted any declarations from

15    any other putative collective action members.  Plaintiff's only other declaration is from his

16    attorney, Kyle Todd.  *See* ECF No. 128-3 ("Todd Decl.").  The Todd Declaration (1) identifies

17    language about Defendants' "policies and practices" that is on every single one of Defendants'

18    dealerships' websites; (2) identifies each dealership's officers and directors; (3) attaches two

19    newspaper article interviews with Joe Cardinale, the "founder, majority owner, and president of

20    the Cardinale Automotive Group," and Erich Gail, the CEO of the Cardinale Automotive Group;

21    (4) provides various job listings from the CardinaleWay website; and (5) lists "27 people with a

22    pay structure substantially similar to Plaintiff's pay structure."  *See id.* at 2–11.  Crucially, nothing

23    in the Todd Declaration states or provides facts suggesting that any other employee actually

24    worked in excess of 40 hours per week and was not paid the appropriate rate based on that

25    overtime.  Thus, given the lack of evidence that any putative collective action member besides

26    Plaintiff worked *unpaid* overtime, Plaintiff has failed to offer "any evidence of other workers who

27

28    Case No. 16-CV-05966-LHK
     ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
     COLLECTIVE ACTION

United States District Court
Northern District of California

1    were not paid overtime." *Bishop*, 582 F. Supp. 2d at 1296.  As a result, like the plaintiff in *Bishop*,

2    Plaintiff has failed to satisfy his burden.

3         In this Court's previous order denying Plaintiff's first motion to conditionally certify a

4    FLSA collective action, the Court noted that "this burden is not difficult to satisfy" and that "[a]

5    handful of declarations may suffice."  ECF No. 115 at 11; *see, e.g.*, *Gilbert v. Citigroup, Inc.*,

6    2009 WL 424320, at *2 (N.D. Cal. Feb. 18, 2009) (finding standard met based on declarations

7    from plaintiff and four other individuals); *Escobar v. Whiteside Constr. Corp.*, 2008 WL 3915715,

8    at *3–4 (N.D. Cal. Aug. 21, 2008) (finding standard met based on declarations from three

9    plaintiffs); *Leuthold*, 224 F.R.D. at 468-69 (finding standard met based on affidavits from three

10   proposed lead plaintiffs).  The Court found that Plaintiff failed to meet this lenient burden on his

11   first attempt because "Plaintiff provide[d] only his own declaration, and that declaration d[id] not

12   even address whether other members of the collective action worked overtime."  ECF No. 115 at

13   11.  The Court now notes that Plaintiff's second attempt is not a material improvement upon his

14   first attempt.  Notwithstanding the Court's suggestion that "[a] handful of declarations may

15   suffice," *id.*, Plaintiff continues to rely almost exclusively on his own declaration, and has not

16   submitted declarations from any other putative collective action members.  Further, although

17   Plaintiff's declaration now contains evidence that other members of the collective action worked

18   overtime, as the Court noted above, Plaintiff's declaration is bereft of facts suggesting that those

19   other members worked *unpaid* overtime.  Accordingly, Plaintiff has not provided the necessary

20   "factual basis beyond the mere averments in [his] complaint" that other employees within the

21   putative collective action went unpaid for the overtime work they performed.  *Wong v. HSBC*

22   *Mortgage Corp. (USA)*, 2008 WL 753889, at *2 (N.D. Cal. Mar. 19, 2008).  As a result, Plaintiff'

23   has failed to meet his burden a second time, despite it being "not difficult to satisfy."  ECF No.

24   115 at 11.

25              **2.    Defendants Other Than Saul Chevrolet**

26        Plaintiff also fails to offer any evidence that the alleged policy of withholding overtime

27                                          10

28   Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

United States District Court
Northern District of California

1    pay extended to all Defendants and their dealerships.  As noted above, Plaintiff worked at Saul

2    Chevrolet's Cardinale Mazda dealership in Corona, California.  However, Plaintiff's collective

3    action extends to all of the 13 Defendants and their alleged 17 dealerships in California, Arizona,

4    and Nevada.  Thus, although "'[P]laintiff[] do[es] not need to provide evidence that every facility

5    relevant to the proposed class maintains an illegal policy,'" Plaintiff must still provide a

6    reasonable basis to conclude that similarly situated employees suffered the same design, policy, or

7    plan at the other locations.  *Villa v. United Site Servs. of Cal., Inc.*, 2012 WL 5503550, at *14

8    (N.D. Cal. Nov. 13, 2012) (quoting *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D.

9    Cal. 2007).

10           For the instant motion, as the Court discussed above, Plaintiff offers no evidence to

11   suggest that *any* employee besides Plaintiff worked unpaid overtime.  Thus, Plaintiff also

12   necessarily fails to provide evidence that any putative collective action member worked unpaid

13   overtime at any dealership other than the Cardinale Mazda in Corona, California.  *See Adams*, 242

14   F.R.D. at 537 ("[T]he named plaintiff must demonstrate that there existed at least one similarly

15   situated person at a facility other than his own.").  As a result, Plaintiff's evidence does not

16   provide a reasonable basis to conclude that a policy of withholding overtime pay extends to all

17   Defendants and their dealerships.

18                   **3.        Additional Time to File Further Briefing and Evidence**

19           In the instant motion, Plaintiff also states that "[t]o the extent that this Court requires

20   further evidence to grant Conditional Collective Certification under the FLSA, Plaintiff

21   respectfully requests additional time sufficient to compel the production of documents already

22   ordered to be produced by Court order, so as to file further briefing and evidence in support of this

23   present Motion."  Mot. at 19.  Plaintiff explains that on August 16, 2017, Magistrate Judge Susan

24   van Keulen issued an order requiring Defendants to produce: (1) "Documents responsive to the

25   class-related requests in Requests for Production Nos. 1–21 pertaining to all non-managerial

26   employees of any of the Defendants compensated at least in part via salary during the relevant

27

28   Case No. 16-CV-05966-LHK
     ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
     COLLECTIVE ACTION

1    time period"; (2) "Documents responsive to the class-related requests in Request for Production

2    Nos. 1–21 pertaining to a representative sample of non-managerial employees of any of the

3    Defendants that were not compensated on a salary basis during the relevant time period"; and (3)

4    "In response to Request for Production Nos. 22–40, the articles of incorporation and related

5    registration documents for Defendants, including the names of Defendants' owners/shareholders,

6    officers, and directors." *Id.*; *see* ECF No. 121.  Plaintiff states that Defendants failed to comply

7    with Judge van Keulen's August 16, 2017 order, and that as a result of Defendants' non-

8    compliance, Plaintiff was "significantly prejudiced" because Plaintiff was prevented "from

9    obtaining, reviewing, and filing crucial evidence that supports conditional certification."  Mot. at

10   19.

11         However, as the Court previously noted, Plaintiff's evidentiary burden for the instant

12   motion is "not difficult to satisfy," such that "[a] handful of declarations may suffice."  ECF No.

13   115 at 11; *see also Myers*, 624 F.3d at 555 (noting plaintiffs must make a "modest factual

14   showing"); *Morton v. Valley Farm Transp., Inc.*, 2007 WL 1113999, at *2 (N.D. Cal. Apr. 13,

15   2007) (describing burden as "not heavy" and requiring plaintiffs to merely show a "reasonable

16   basis for their claim of class-wide" conduct (internal quotation marks and citation omitted));

17   *Wynn*, 234 F. Supp. 2d at 1082 (describing burden as "fairly lenient").  Thus, even taking

18   Plaintiff's allegations that Defendants failed to timely comply with Judge van Keulen's August 16,

19   2017 order as true, the Court does not see, and Plaintiff does not detail, how Defendants' non-

20   compliance explains Plaintiff's total failure to provide even a scintilla of evidence that *any* other

21   employee worked unpaid overtime.  For example, Plaintiff offers no explanation for why

22   Defendants' failure to comply with the August 16, 2017 discovery order rendered Plaintiff unable

23   to obtain even a *single* declaration from *any* co-worker alleging that Defendants withheld overtime

24   payments from that employee.  Indeed, Plaintiff filed the instant complaint, which included a

25   FLSA collective action claim, on October 14, 2016, more than a year ago.  ECF No. 1.

26   Presumably, Plaintiff conducted a reasonable Rule 11 inquiry before doing so.  Moreover,

27

28   Case No. 16-CV-05966-LHK
     ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
     COLLECTIVE ACTION

United States District Court
Northern District of California

12

discovery should have begun in earnest after the January 18, 2017 initial case management conference, where the Court set the case schedule through the fact discovery cutoff. *See* ECF No. 65. Further, the Court's April 13, 2017 case management order stated that "[t]he Court has not granted, and will not grant, a stay of discovery." ECF No. 85 at 1. Accordingly, Plaintiff's request for additional time "to file further briefing and evidence in support of" the instant motion is DENIED.

## IV.  CONCLUSION

In the Court's July 31, 2017 order denying Plaintiff's first motion to conditionally certify a FLSA collective action, the Court set forth the deficiencies in Plaintiff's first motion in great detail and warned that "[f]ailure to cure the deficiencies identified in this order . . . will result in a denial with prejudice of conditional certification of FLSA collective action." ECF No. 115 at 18. As the Court explained above, Plaintiff was unable to cure those deficiencies when granted leave to file a second motion to conditionally certify a FLSA collective action. Accordingly, Plaintiff's Second Motion to Conditionally Certify FLSA Collective Action is DENIED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: November 2, 2017

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 16-CV-05966-LHK
ORDER DENYING WITH PREJUDICE SECOND MOTION TO CONDITIONALLY CERTIFY FLSA
COLLECTIVE ACTION

United States District Court
Northern District of California