United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARCOS RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>SAUL CHEVROLET, INC., et al.,<br><br>    Defendants. | Case No. 16-CV-05966-LHK<br><br>**ORDER APPROVING AMENDED PAGA SETTLEMENT; DENYING AS MOOT JOINT MOTION FOR SETTLEMENT APPROVAL**<br><br>Re: Dkt. Nos. 170, 177 |

On June 29, 2018, the parties filed a joint motion for settlement approval. ECF No. 170 ("Mot."). The parties attached a copy of their original PAGA settlement agreement to their joint motion. *See* Mot. Exh. A. The parties' original PAGA settlement agreement required Defendants to pay $85,000 in total. *See id.* at 1. Further, under the original PAGA settlement agreement, this $85,000 "Gross Settlement Fund" was to be distributed as follows: (1) $28,050 for Plaintiff's counsel's attorney's fees, *id.* § 3.01(i); (2) up to $15,000 for Plaintiff's counsel's litigation costs, *id.* § 3.01(ii); (3) $10,000 (or more, if necessary) for settlement administration costs, *id.* § 3.01(iii); (4) about $23,962.50 for payment to the California Labor and Workforce Development Agency ("LWDA"), *id.* § 3.04(b); and (5) only about $7,987.50 total for distribution amongst all

1
Case No. 16-CV-05966-LHK
ORDER APPROVING AMENDED PAGA SETTLEMENT; DENYING AS MOOT JOINT MOTION FOR SETTLEMENT APPROVAL

aggrieved employees. *Id.* The parties represent that there were approximately 904 aggrieved employees. ECF No. 177 ("Suppl.") at 13.

On August 16, 2018, the Court held a hearing on the parties' joint motion. *See* ECF No. 175. At the hearing, the Court expressed concerns that the settlement administration costs of $10,000 with no cap exceeded the $7,987.50 to be distributed to the aggrieved employees.

To address these concerns, the parties have made several amendments to their original PAGA settlement agreement to reduce settlement administration costs and increase the total recovery to aggrieved employees. *See* Suppl. Exh. A. Specifically, under these amendments, Defendants are still required to pay a total of $85,000, but about $27,990.63 will be distributed to the aggrieved employees, while settlement administration costs will be capped at $7,500. *See id.* Further, the attorney's litigation costs are reduced from $15,000 to $11,968.30, and the payment to the LWDA is reduced from $23,962.50 to $6,459.37. Plaintiff's request for attorney's fees ($28,050) remains the same.

In light of these amendments, the Court DENIES as moot the parties' joint motion for settlement approval. *See* Mot. For the reasons stated below, the Court APPROVES the parties amended PAGA settlement agreement as set forth in the parties' supplemental briefing (ECF No. 177). For the sake of clarity, the Court will use the term "amended PAGA settlement agreement" to refer to the parties' original PAGA settlement agreement *as amended by the parties' recent amendments* (i.e., Suppl. Exh. A).

The PAGA provides that "court[s] shall review and approve any settlement of any civil action pursuant to [PAGA]." Cal. Lab. Code § 2699(l)(2). A party seeking approval of a PAGA settlement must simultaneously submit the proposed settlement to the LWDA to allow the LWDA to comment on the settlement if the LWDA so desires. The PAGA also states that courts may exercise their discretion to lower the amount of civil penalties awarded "if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). Because state law

Case No. 16-CV-05966-LHK
ORDER APPROVING AMENDED PAGA SETTLEMENT; DENYING AS MOOT JOINT MOTION FOR SETTLEMENT APPROVAL

enforcement agencies are the "real parties in interest" for PAGA claims, the Court's task in reviewing a PAGA settlement is to ensure that the state's interest in enforcing the law is upheld. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 435 (9th Cir. 2015) (internal citations omitted).

Other than the provisions discussed above, however, the PAGA does not establish a standard for how courts are to evaluate PAGA settlements. Indeed, the LWDA has stated that "[t]he LWDA is not aware of any existing case law establishing a specific benchmark for PAGA settlements, either on their own terms or in relation to the recovery on other claims in the action." LWDA Response at 3, *O'Connor v. Uber Techs.*, No. 13-CV-03826-EMC, Docket No. 736 (N.D. Cal. July 29, 2016).

In a previous case, this Court applied the relevant factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), to evaluate a PAGA settlement. *See Ramirez v. Benito Valley Farms, LLC*, 2017 WL 3670794, at *3 (N.D. Cal. Aug. 25, 2017). Specifically, in *Ramirez*, this Court evaluated the fairness and adequacy of a PAGA settlement using the following factors: (1) whether the proposed agreement is "unjust, arbitrary and oppressive, or confiscatory" towards Defendant, Cal. Lab. Code § 2699(e)(2); (2) the strength of Plaintiff's case; (3) the risk, expense, complexity, and likely duration of further litigation; (4) the amount offered in settlement; (5) the extent of discovery completed and stage of the proceedings; and (6) the experience and view of counsel. *See* 2017 WL 3670794, at *4–6.

Applying these six factors to the instant case, the Court concludes that on balance, the factors weigh in favor of approving the parties' amended PAGA settlement agreement. *See* Mot. Exh. A; Suppl. Exh. A. As an initial matter, the amended PAGA settlement agreement allays the Court's concerns about a disproportionate amount of the fund being spent on settlement administration costs instead of being distributed to the aggrieved employees. The amended PAGA settlement agreement caps settlement administration costs at $7,500 and will distribute about $27,990.63 instead of $7,987.50 to the aggrieved employees. *See* Suppl. Exh. A.

3

Case No. 16-CV-05966-LHK
ORDER APPROVING AMENDED PAGA SETTLEMENT; DENYING AS MOOT JOINT MOTION FOR SETTLEMENT APPROVAL

Moreover, the reduction in the payment to the LWDA does not warrant rejection of the amended PAGA settlement agreement. As an initial matter, the Court ordered the parties to serve the original PAGA settlement on the LWDA, and the Court requested comments, if any, from the LWDA. *See* ECF No. 168. The LWDA did not file or send any comments on the original PAGA settlement. Further, in a previous PAGA case in which the total settlement amount was $110,000, the entire $27,500 in civil PAGA penalties was paid to the 226 aggrieved employees, and nothing was paid to the LWDA. *See Ramirez*, 2017 WL 3670794 at *4. The LWDA did not object to that PAGA settlement. *Id.* ("Indeed, in the instant case, the LWDA filed a letter with the Court stating that the LWDA would not seek any penalties."). Consequently, the $6,459.37 payment to the LWDA in the instant case does not preclude approval of the amended PAGA settlement agreement.

In light of the amendments, the Court finds that the parties' amended PAGA settlement agreement is fair and reasonable and promotes the purposes of the PAGA.

Further, Plaintiff also requests $28,050 in attorney's fees and $11,968.30 in litigation costs. *See* Mot. at 8, 18. For the reasons stated below, the Court APPROVES this request.

The PAGA provides that "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699(g)(1). The PAGA does not provide a specific standard for evaluating attorney's fees in connection with a settlement of PAGA claims. However, the parties appear to agree that the lodestar method is the preferable method for measuring attorney's fees in the instant case. *See* Mot. at 8 (stating that "the lodestar method is the starting point of every fee award" and that "[f]or any fee application subject to a statutory award, the court should presume that the Legislature intended courts to use the prevailing lodestar adjustment method" (internal quotation marks omitted)). Additionally, the lodestar method is a well-established method for determining the reasonableness of an attorney's fee award. *See, e.g.*, *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *8 (N.D. Cal. June 5, 2017).

Therefore, the Court applies the lodestar method in determining whether the requested

4

1     attorney's fees are reasonable in the instant case.  Under the lodestar method, a "lodestar figure is

2     calculated by multiplying the number of hours the prevailing party reasonably expended on the

3     litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and

4     for the experience of the lawyer." *In re Bluetooth*, 654 F.3d 935, 941 (9th Cir. 2011) (citing

5     *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)).

6          Plaintiff's counsel reports a total lodestar of $83,710.  Mot. at 9.  This lodestar does not

7     include any work done after June 28, 2018—the day before the joint motion for settlement

8     approval was filed.  *See id.* at 17.  Further, this lodestar reflects 152.2 hours of work done by

9     Plaintiff's primary counsel, Kyle Todd, at a billing rate of $550 per hour.  *See id.*  However, it

10    does not include any hours worked by three other attorneys, "Maximilian Lee, Esq., Zachary

11    Ritter, Esq., or Jacob Larsen, Esq., all of whom put additional work into this case." *Id.*

12         In the joint motion, Plaintiff includes information regarding Mr. Todd's education and

13    experience.  *See id.* at 17–18.  Having reviewed this information, the Court finds that Mr. Todd's

14    education and experience justifies his requested billing rate of $550 per hour.

15         Additionally, Plaintiff has provided contemporaneous billing records of Mr. Todd's work

16    on the instant case.  *See id.* at 9–17.  However, these records indicate that not all of the 152.2

17    hours that Mr. Todd spent on the instant litigation should be compensated pursuant to the PAGA's

18    fee provision.  Specifically, Mr. Todd's billing records include work that was related to Plaintiff's

19    motions to certify FLSA collective action and Plaintiff's motion for class certification.  *See, e.g.*,

20    *id.* at 15 (billing record entry for "EDITING: CLASS CERT MOTION").  Given that Plaintiff's

21    state-law PAGA claims had nothing to do with Plaintiff's federal FLSA claim and operated

22    independently of Plaintiff's class certification efforts, the Court does not believe, and Plaintiff

23    does not offer any reason to think, that tasks related to FLSA collective action or class certification

24    should be included in the instant lodestar calculation.

25         Nonetheless, the Court finds that Plaintiff's requested attorney's fees award of $28,050 is

26    justified even after accounting for the fact that Mr. Todd's $83,710 lodestar figure is inflated by

the inclusion of work done in relation to Plaintiff's FLSA collective action and class certification efforts. According to Mr. Todd's billing records, Mr. Todd spent 22.3 hours on FLSA collective action and class certification. Subtracting these 22.3 hours from the 152.2 hours of total work reported by Mr. Todd results in 129.9 hours, which yields an adjusted lodestar of $71,445. This adjusted lodestar is still much larger than the $28,050 attorney'' fees award requested by Plaintiff. As a result, the Court finds that Plaintiff's request for $28,050 in attorney's fees is reasonable within the meaning of California Labor Code § 2699(g)(1).

Plaintiff also includes in the joint motion a detailed bill of costs to support his request for $11,968.30 in litigation costs. *See* Mot. at 18–20. Based on this bill of costs, the Court finds that Plaintiff's request for $11,968.30 in litigation costs is reasonable within the meaning of California Labor Code § 2699(g)(1).

In sum, the Court APPROVES both (1) the parties' amended PAGA settlement agreement; and (2) Plaintiff's request for $28,050 in attorney's fees and $11,968.30 in litigation costs.

**IT IS SO ORDERED.**

Dated: August 30, 2018

_____
LUCY H. KOH
United States District Judge